MR. JUSTICE WEBER,
dissenting:
I dissent from the majority opinion because Instruction No. 13 was both unnecessary and confusing. Further, the use of a sudden emergency instruction such as the one in the last paragraph of Instruction No. 13 was disapproved in White.
Paragraph 2 of Instruction No. 13 is a statement of law that a driver shall drive “in a careful and prudent manner so as not to unduly or unreasonably endanger the life, limb, property, or other rights of a person entitled to the use of the street or highway.” Paragraph 3 is a statement of law which requires persons to drive “in a careful and prudent manner” taking into account the conditions of traffic, the vehicle, the surface, and the view ahead. The last paragraph of the instruction then states that if one of the parties acted in a way which “might reasonably be expected of a person [of] ordinary prudence” but which was not in compliance with one of the above laws, there is no negligence. Read together these statements seem to excuse a person from acting in a careful and prudent manner. That is not an accurate statement of law.
As this Court has stated such an instruction “adds nothing to the law of negligence and serves only to leave an impression in the minds of the jurors that a driver is somehow excused from the ordinary standard of care because an emergency existed.” White, 713 P.2d at 989. I would remand for retrial without the use of an instruction like Instruction No. 13.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON concur in the foregoing dissent.